In re Joseph Anthony DARDAR, Ana Lydia Darby Dardar, Debtors.

Bankruptcy No. 80–00100.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

April 28, 1980.

Tom C. Smith, Virginia Beach, Va., for debtors.

Michael A. Glasser, Norfolk, Va., for Associates Financial Services Co. of Virginia, Inc.

HAL J. BONNEY, Jr., Bankruptcy Judge.

In this case of first impression, the Court must interpret and define 11 U.S.C. § 522(f)(2).

Joseph and Ana Dardar [debtors] filed a voluntary petition for bankruptcy on February 5, 1980. Pursuant to § 34–4, Code of Virginia, as amended, 1979, the debtors filed a homestead deed through which they declared $4,712.00 worth of property exempt. $5000 is the maximum homestead exemption permitted in Virginia. The debtors claimed $275.00 in personal property exempt under the Poor Debtor's Exemptions, § 34–26, Code of Virginia, as amended, 1979.

On March 14, 1980, the debtors filed an application to avoid a non-possessory, non-purchase money security interest in household goods, furnishings, and appliances pursuant to § 522(f)(2) of the Bankruptcy Code. 11 U.S.C. § 522(f)(2). Associates Financial Services Company of Virginia, Inc., the lienholder, objected to the application.

The facts are not disputed. Associates has a blanket lien on all personal property of the debtor. In addition to the property exempted under sections 34–4 and 34–26, Code of Virginia, the debtors seek to avoid the lien on certain *non-exempt* property, to-wit: one refrigerator, one freezer, one ping-pong table, one lawnmower, one camper, one dishwasher, one pine coffee table, and two pine end-tables. While Associates does not object to avoiding the lien on property claimed exempt, it emphatically objects to the application vis-a-vis the non-exempt property.

The Court must determine if § 522(f)(2) applies only to property that has actually been declared exempt by the debtors, as

Associates argues, or whether the section empowers the debtors to utilize the avoidance power with regard to property that *could have been* exempted but was not, as the debtors argue.

The legislative history relative to § 522(f)(2) indicates that the section is drafted to protect a debtor's exemptions. Congress thought creditors, by virtue of their vastly greater experience in the lending industry, enjoy a substantial advantage over the average consumer debtor. In lending money, creditors take a blanket security interest in all of a debtor's personal property, which is typically comprised of household goods, furnishings, and appliances. Experience indicates that this type of property has, at best, nominal resale value. However, the replacement cost of the property may be disproportionately, even disastrously, high and debtors were often coerced into paying the lienholder irrespective of bankruptcy. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) pp. 126–127, U.S.Code Cong. & Admin.News 1978, pp. 6087, 6088; 124 Cong.Rec. H 11,095 (September 28, 1978); S 17,412 (October 6, 1978).

Thus, the advent of 11 U.S.C. § 522(f)(2), which provides,

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; . . . ."

An understanding of the interplay between sections 541 and 522 is of critical importance in understanding the mechanics of the bankruptcy process.

11 U.S.C. § 541(a) provides that the commencement of a case creates an estate comprised of all legal and equitable interests of the debtor as of the date of filing. Analytically, all property interests of the debtor pass to the estate. Section 541 significantly changes prior law and has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) p. 368, U.S.Code Cong. & Admin.News 1978, p. 6323.

■ After the property comes into the estate, the debtor utilizes section 522 to carve out his exemptions. The chronological sequence of the process is extremely important and contrary to prior law the concept of exempt property has no substance under the Bankruptcy Code until after some affirmative act on the part of the debtor. In short, all property of the debtor flows into the estate upon filing; exempt property leaves the estate *if* the debtor follows the appropriate procedural steps.

■ It is clear that section 522(f) protects the debtor's exemptions, his discharge, and, thus, his fresh start by permitting him to avoid liens on exempt property. However, exempt property does not exist until the debtor specifically declares exemptions. The debtors, even though they adroitly attempt to convert the shield of protection conferred by section 522(f) into a sword with which they may take the offensive, shall not be permitted to avoid the lien held by Associates in respect to property not specifically declared exempt. If it is not done, it is not done. To be sure, it is not a matter of what might have been.

IT IS SO ORDERED.