**In re Ambler Coleman RAGSDALE, Ann Parrish Hancock Ragsdale, Both Ind. and t/a Cole and Scott of Williamsburg, Inc., Debtors.**

**Ambler Coleman RAGSDALE, Ann Parrish Hancock Ragsdale, Plaintiffs,**

v.

**GENESCO, INC., Defendant.**

**Bankruptcy No. 80–02335.**

United States Bankruptcy Court, E. D. Virginia, Newport News Division.

March 17, 1981.

Richard W. Hudgins, Hudgins & Neale, Newport News, Va., for plaintiffs.

Hugh T. Antrim, Thompson & McMullan, Richmond, Va., for defendant.

HAL J. BONNEY, Jr., Bankruptcy Judge.

The facts of the present case may be briefly stated. The debtors, Ambler and Ann Ragsdale, filed a joint petition for bankruptcy on July 16, 1980. In their statement of property claimed exempt as filed with the petition, schedule B–4, the debtors claimed the equity in real estate located in the City of Williamsburg, Virginia, and owned as tenants by the entirety with right of survivorship, exempt pursuant to 11 U.S.C. § 522(b)(2)(B).

Approximately one month prior to filing, Genesco, a pre-petition creditor of both debtors, reduced a claim against them to judgment and docketed that judgment in the record books of the Circuit Court of the City of Williamsburg—James City County.

Relying on section 522(f)(1) of the Bankruptcy Code, 11 U.S.C. § 522(f)(1), the debtors filed a complaint to avoid the judicial lien of Genesco and the defendant answered in a timely fashion.

Genesco filed an objection to the debtors' claim of exempt property specifically questioning the propriety of the debtors' claimed exemptions under section 522(b)(2)(B) and counsel moved for and were granted time to brief the matter.

The real property at issue has an appraised value of $74,500 and is subject to a first deed of trust in the approximate amount of $51,482. The judgment obtained by Genesco is in the amount of $8,532.26 with interest thereon at the rate of six percent (6%) from October 31, 1979 to June 20, 1980, plus attorney's fees of $1,280.

### The Law

11 U.S.C. § 522(f)(1) provides

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or . . . .

A judicial lien is a lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding. 11 U.S.C. § 101(27). There is no dispute that Genesco holds such a lien on the property.

■ In order to avail themselves of the relief contemplated by section 522(f), the debtors must declare the property that is subject to the lien exempt. *In re Dardar*, 3 B.R. 641, 6 B.C.D. 352 (Bkrtcy., E.D.Va. 1980); *In re Hill*, 4 B.R. 310, 6 B.C.D. 307 (Bkrtcy., N.D.Ohio 1980); *In re Cox*, 4 B.R. 240, 6 B.C.D. 434 (Bkrtcy., S.D.Ohio 1980).

■ It is axiomatic that the debtors must be entitled to the exemptions claimed; a bare claim of exemption unfounded in law will not suffice. The critical factor here, therefore, is whether or not the debtors in a joint case are entitled to exempt the equity in property held as tenants by the entirety without reference to the $5000 ceiling imposed by section 34–4, Code of Virginia, 1950.

Under substantive Virginia law[1] the head of the household is entitled to a homestead exemption of $5000 in property. Section 34–4, Code of Virginia, 1950. One may also exempt specific items of essential property pursuant to section 34–26, Code of Virginia, 1950, the poor debtor's exemption.

At a prior hearing, the Court determined that as between the debtors the husband was the head of the household for the purpose of applying the exemption statute. Therefore, the exemptions claimed by him are of critical importance.

Ambler Ragsdale has declared approximately $4000 worth of property exempt. In the abstract, this leaves him a "cushion" of $1000, $5000 being the limit as noted above.

However, the debtor has not elected to exempt the equity pursuant to the statutory law of the Commonwealth of Virginia; he has attempted to create a separate exemption under the aegis of 11 U.S.C. § 522(b)(2)(B).

In relevant part that section provides

(b) . . . an individual debtor may exempt from property of the estate. . .

(2)(A) any property that is exempt under State or local law that is applicable on the date of the filing of the petition . . .; and

(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt

---

1. Since Virginia has "opted-out" of the Federal exemption scheme, the Court will resolve the matter through reference to the statutory and case law of the Commonwealth of Virginia.

from process under applicable nonbankruptcy law.

The debtor argues that the section should apply separately to each debtor in a joint case per section 522(m). This has the effect, so the argument goes, of establishing an analytical framework in which one must determine the rights of the trustee and the creditors with reference to each debtor individually. Since individual creditors cannot reach entireties property under applicable nonbankruptcy law, that property is immune from process despite the context of the joint case. The argument, though internally consistent, is flawed by the fact that it bears little relation to the world of substantive bankruptcy law.

11 U.S.C. § 541(a) renders it clear that the filing of a petition for bankruptcy creates an estate comprised of all legal or equitable interests of the debtor in property. Upon filing, all property interests of both debtors passed into the estate and into the hands of the trustee. Whatever the historical and legal peculiarities surrounding the concept of property held as tenants by the entirety, it is abundantly clear that the trustee in a joint case may reach entireties property by the proper process. This is so since the trustee stands in the position of a lien creditor of the debtors as of the commencement of the case. 11 U.S.C. § 544(a). In this status, the trustee can reach the property under the case law of the Commonwealth. Cf. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951).

Thus the property is not exempt under applicable nonbankruptcy law.[2] Since the debtors have not declared the property exempt in the proper fashion, they have no further right in the equity which is the subject matter of this proceeding. Further, relief under section 522(f) is inappropriate because there is no exempt property to protect.

The Court makes this final observation. At oral argument counsel attempted to draw this case into the rubric of law established by *Phillips v. Krakower*, 46 F.2d 764 (4th Cir. 1931). *Krakower* addressed the question of whether a stay of discharge should issue so that a joint creditor of spouses owning property as tenants by the entirety, only one of whom was in bankruptcy, could proceed against the parties in a nonbankruptcy forum and look to the reality for satisfaction. That issue is clearly different from the case at hand.

The Court holds that the judicial lien of Genesco is not avoided.

IT IS SO ORDERED.

The clerk shall forward a copy of this order to the debtor, counsel of record and the trustee.

---

**2.** Contrast the situation here with that presented in *In re Ford*, 638 F.2d 14 (1981). In *Ford*, the Court of Appeals for the Fourth Circuit affirmed the holding of the Bankruptcy Court

to the effect that the trustee has no claim against property held as tenants by the entirety when only one of the spouses is in bankruptcy.