In re E. G. BOYD, Betty Marie Owens Boyd, Debtors.

FARMERS & MERCHANTS BANK OF BOONES MILL, VIRGINIA, Plaintiff,

v.

E. G. BOYD, Betty Marie Owens Boyd, and George A. McLean, Jr., Trustee, Defendants.

Bankruptcy No. 7-80-00438.
Adv. No. 7-80-0133.

United States Bankruptcy Court, W. D. Virginia, Roanoke Division.

June 16, 1981.

Ralph B. Rhodes, Hutcherson & Rhodes, Rocky Mount, Va., for plaintiff.

Bobby R. Osborne, Roanoke, Va., for debtors/defendants.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether a judgment lien of the Plaintiff should be avoided which was obtained by the Plaintiff within ninety (90) days of the date of the petition filed herein.

### FINDINGS OF FACTS

The Debtors at the time of the petition filed herein on April 23, 1980 owned real estate consisting of a residence and two lots in Franklin County, Virginia. On April 11, 1980 Plaintiff obtained judgment upon a homestead waiver note against the Debtors and docketed the same in the Clerk's Office of the Circuit Court of Franklin County, Virginia, thereby placing a lien upon the real estate in question.

In the proceedings herein this Court ordered a sale of the real estate free of liens, which sale was confirmed by the Court, the first and second deeds of trust paid off, along with cost of sale, the remaining portion thereof being approximately $5,000.00, $3,005.00 of which is claimed as a homestead exemption and the remaining portion claimed by the Trustee to the exclusion of the Plaintiff's lien.

The Plaintiff contends that by virtue of the homestead waiver note and the docketed judgment it is entitled to the remaining portion of the proceeds to be credited upon its said judgment. The Debtors and Trustee contend that the lien of the Bank should be avoided; that the sum of $3,005.00 should be paid to the Debtors in accordance with their homestead deed filed herein and the Trustee contends the remaining portion of said funds should be paid to the Trustee for distribution to creditors.

## CONCLUSIONS OF LAW

■ 11 U.S.C. § 522(f)(1) of the Bankruptcy Reform Act of 1978 provides:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or .... "

"Judicial lien" is defined for purposes of the bankruptcy code as:

"... lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

11 U.S.C. § 101(27). It is one of three kinds of liens defined in this section, the others being "security agreement" [11 U.S.C. § 101(36)] and "statutory lien" [11 U.S.C. § 101(38)]. In general the new concept of "lien" [11 U.S.C. § 101(28)] is very broad. It is defined as a charge against or interest in property to secure payment of a debt or performance of an obligation. The three categories of liens just mentioned are mutually exclusive and are exhaustive except for certain common law liens. See *Historical and Revision Notes*, Pub.L. 95–598, Nov. 6, 1978, 92 Stat. 2549.[1] There is no dispute that Farmers & Merchants Bank of Boones Mill by virtue of the docketed judgments, has a lien on the Boyd's real estate. These judgments were docketed only twelve days before the Boyds filed their petition in this

Court with accompanying homestead deed. In their homestead deed, the Debtors claimed $3,005.00 as exempt from creditor process, that amount representing the value of equity in the real estate owned by them and sold under this Court's Order.

■ In order to avail themselves of the relief contemplated by 11 U.S.C. § 522(f), the debtors must declare the property that is subject to the lien exempt. *In re Ragsdale*, 9 B.R. 991, 7 B.C.D. 574 (Bkrtcy.E.D. Va.1981); *In re Dardar*, 3 B.R. 641, 6 B.C.D. 352 (Bkrtcy.E.D.Va.1980); *In re Hill*, 4 B.R. 310, 6 B.C.D. 307 (Bkrtcy.N.D.Ohio 1980); *In re Cox*, 4 B.R. 240, 6 B.C.D. 434 (Bkrtcy. S.D.Ohio 1980). As the court stated in *Ragsdale*, 9 B.R. at 992, 7 B.C.D. at 575: "It is axiomatic that the debtors must be entitled to the exemptions claimed; a bare claim of exemption unfounded in law will not suffice."

■ Under the new Bankruptcy Code, the scope of what is property of the estate is now much broader than under the old act. It is almost limitless under the new Code and is codified substantially in 11 U.S.C. § 541(a)(1) which reads:

"(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

One commentator opined: "Generally speaking, this section (11 U.S.C. § 541) will bring anything of value that the debtor has into the estate." Bkr.L.Ed. § 23:2. The cited section, for purposes of background, includes as property of the estate all property of the Debtor, including that necessary for a fresh start. Then, and only then, once the property is in the estate may an individual exempt it under § 522. The Court will

---

1. It has been held that a lien is a property right. *Sager v. Burgess*, 411 U.S. 941, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973).

determine what property may be exempted and what remains property of the estate. 4 *Collier on Bankruptcy* ¶ 541.01, p. 541–06 (15th ed. 1979).

▊ As noted above, once the property comes into the estate, it would appear that the debtor must then affirmatively claim the exemption in order to have it effective. Otherwise, the property remains what it came into the estate as; property of the estate. The court has jurisdiction to make the determination as to what property may be exempt and what will remain property of the estate. 4 *Collier* ¶ 541.02[3], p. 541–15 (15th ed. 1979). In the same encyclopedia, it is noted:

"Because the scope of section 541(a)(1) is so broad and all encompassing, the discussion in the following paragraphs cannot be considered exhaustive. It is important to keep in mind, therefore, that the underlying theory of section 541(a)(1) is to bring into the estate *all* interests of the debtor in property as of the date the case is commenced. Thus, as a general rule, the estate created under section 541 will include all legal or equitable interests of the debtor in property, both tangible and intangible, including exempt property, as of the date the case is commenced."

4 *Collier* ¶ 541.06, p. 541–27 (15th ed. 1979).

The General Assembly for the State of Virginia was quick to make the election afforded state legislatures by Congress to "optout" of the concededly more liberal Federal exemptions. *See* 11 U.S.C. § 522(b):

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection

(d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place. . . ."

The Virginia mandate is found at *Va.Code Ann.* § 34–3.1 (1980 Cum.Supp.), which reads:

"No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except as may otherwise be expressly permitted under this title."

Note that only 11 U.S.C. § 522(d), the specific provision relating to the Federal exemption scheme is not law in Virginia. There is no effect on the so-called "lien avoidance" sections § 522(e) and (f).

▊ In enacting the "lien avoidance" provisions [2], Congress sought to allow a Debtor to protect his exemptions and ensure the achievement of a "fresh start." *See* H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 126–27, U.S.Code Cong. & Admin.News 1978, p. 5787.

In its brief, the Bank argued that the Debtors waived their rights to exempt property of the estate and in essence could not claim the benefit of their homestead exemptions. The Congressional drafters, however, put such a notion to rest by including as the preface to the substance of § 522(f) the language: "Notwithstanding any waiver of exemptions. . . ." Hence, this language is similar to the Virginia "poor debtors exemption" the waiver of which is prohibited. *See Virginia Code Ann.* § 34–26 (1980 Cum.Supp.).

▊ Returning to the case at hand, under the plain language of the statute, the only relevant questions are: (1) whether the lien

---

**2.** "11 U.S.C. § 547 provides for a lien avoidance by the Trustee within 90 days. The presumption of insolvency under § 547(f) is presumed during the 90 day period and in this case there was no evidence in refutation."

is a judicial lien and (2) whether the lien impairs an exemption of the Debtors. In the instant case, once the Bank docketed its judgments, their interest became that of a judgment creditor with a judicial lien. It is also clear that had the Bank not obtained judgments, the Debtors would have been entitled to set such property apart as exempt; in other words, the judgment impaired an exemption to which the Debtors would otherwise have been entitled.

Neither *Collier on Bankruptcy* nor *Bankruptcy Service, Lawyer's Edition* add anything enlightening to the discussion before us. In both works, it is apparent that there are no hidden meanings or variations to the plain, unambiguous language of § 522(f)(1).

It is

## ORDERED

that the judgment liens of Bank be and are hereby avoided as to the Debtor's exemption pursuant to 11 U.S.C. § 522(f)(1), and as to the trustee with reference to the remaining balance which is adjudged a preference.

It is further

## ORDERED

that the amount claimed in the homestead deed as exempt property in the sum of $3,005.00 be paid to the Debtors and the remaining portion of said proceeds to be held by George A. McLean, Jr., Esq., Trustee to be distributed to the Creditors in accordance with the further orders of this Court.