**In re Eunice E. CARSWELL, Debtor.**

**Bankruptcy No. 80–02031K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 20, 1981.

Alan B. Liss, Philadelphia, Pa., for First Mercantile Consumer Discount Co.

Richard Falcione, Holland, Pa., Trustee.

Richard J. Friedman, C. L. S., Philadelphia, Pa., for debtor.

Roy W. Feinstein, Cornwells Heights, Pa., for G.F.C. Consumer Discount Co.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In this case, the debtor is seeking the avoidance of a lien pursuant to Title 11 U.S.C. § 522(f). The defendant is First Mercantile Consumer Discount Company (Mercantile), a judgment creditor. The Court finds that this lien cannot be avoided because it does not impair an exemption of the debtor.[1]

The lien which is the subject of this litigation stems from a state court case in 1968. The judgment was duly revived in 1978. The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 18, 1980. Mercantile was listed as a judgment creditor in the amount of $4,000 on the schedules accompanying this petition. The present action to avoid the lien of Mercantile was filed on April 1, 1981.

Title 11 U.S.C. § 522(f)(1) empowers the debtor to avoid a judicial lien which impairs an exemption of the debtor.[2] The debtor has claimed $7,900 of her real property as exempt under § 522(d)(1) and (5). Therefore, the Court must determine whether the lien of Mercantile impairs this exemption. If the § 522(d) exemption is impaired, the lien may be avoided by the debtor.

In order to determine if the exemption is impaired, a value for the real property which is subject to the lien must be established.[3] At trial, evidence was introduced by the defendant that the value was greatly in excess of the amount scheduled by the debtor.

The defense based its valuation on the testimony of a licensed real estate broker. Although the witness was not a licensed appraiser, he has had twenty (20) years of experience in the real estate market and was familiar with the neighborhood where the property is located. The witness based his valuation on his own visual inspection of the premises and an examination of comparable sales in the area. He estimated the value of the property to be between $25,000 and $27,000. The Court is satisfied with the witness's qualifications and the means used to determine the value of the property. Therefore, the Court finds the fair market value of the property to be $25,000.

The debtor offered no evidence to rebut the valuation submitted by Mercantile.

The first mortgage on the property has a balance of $7,890.77. The lien of Mercantile is $4,000. In addition, there is a total of $3,800 of further encumbrances on the property. The debtor has claimed $7,900 as exempt. The total of the encumbrances and exemptions is $23,590.77. The debtor's exemption is clearly unimpaired because the value of the property is $25,000. The exemption could only be impaired if the value of the property was less than the combined total of the encumbrances and exemptions.

The debtor strenuously objected to the valuation evidence raised by Mercantile. The debtor, in his brief, alleges that because Mercantile failed to object to the schedules submitted with the debtor's petition, as required by § 522(l)[4] and Bankruptcy Rule 403, the valuation should be fixed at the scheduled figure. However, both the language of this section of the Code and the legislative history[5] clearly apply only to the

---

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. (f) Notwithstanding any waiver of exemption, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
     (1) a judicial lien

3. The address of the property is 1515 Wynsam Street, Philadelphia, PA.

4. (l) The debtor shall file a list of property that the debtor claims as exempt under subjection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

5. Subsection (l) requires the debtor to file a list of property that he claims as exempt from property of the estate. Absent an objection to the list the property is exempted. A dependent

exemptions and not to the scheduled valuations of the debtor's property. The debtor cites the case of *In re Krajci*, 7 B.R. 242 (Bkrtcy.E.D.Pa.1980) to support this proposition. This case, however, dealt with the validity of an exemption claimed by the debtors. Such is not the case here. The debtor is claiming her full exemption and the exemption is not subject to objection by Mercantile. The *Krajci* case does not stand for the thesis that values on the debtor's schedules are inviolate if they are not the subject of immediate objection by the creditors, nor does any provision of the Bankruptcy Code support this argument.

Therefore, the application to avoid judicial liens must be denied.

of the debtor may file it and thus be protected if the debtor fails to meet the list. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 363, U.S.Code Cong. & Admin.News 1978, p. 5787.