**In re Michael D. McKAY and Eileen P. McKay, Debtors.**

**Bankruptcy No. 80–02659G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 31, 1981.

---

**4.** The above legend is typed on the computer notice which goes out to creditors in a chapter 13 case.

Jack Miller, Philadelphia, Pa., for the debtors, Michael D. McKay and Eileen P. McKay.

Bruce G. Baron, Asst. Counsel, Dept. of Public Welfare, Office of Legal Counsel, Harrisburg, Pa., for Department of Public Welfare.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether the lien of the Commonwealth of Pennsylvania Department of Public Welfare ("the DPW") on the real property of the debtors may be avoided by them pursuant to § 522(f)(1) of the Bankruptcy Code ("the Code"). We conclude that the lien of the DPW may be so avoided.

The facts of the instant case are as follows: [1] On October 15, 1980, Michael D. and Eileen P. McKay ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. At that time the DPW was the holder of a lien on the debtors' real property located at 2229 Hobson Street, Philadelphia, Pennsylvania, having entered judgment against the debtors in Philadelphia County on September 11, 1980. In the chapter 13 plan filed by the debtors on October 15, the debtors provided for the avoidance of all liens on their property which are avoidable under § 522(f) of the Code.[2] Consequently, the debtors treated the DPW as an unsecured creditor in their plan.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor. 11 U.S.C. § 522(f).

Thereafter, on April 22, 1981, the DPW filed an objection to the avoidance of its lien asserting that (1) its lien is not a judicial lien, (2) its lien does not impair the debtors' exemptions, (3) the Tenth Amendment to the United States Constitution prohibits the avoidance of its lien, (4) Congress did not intend retroactive application of § 522(f) of the Code and (5) the notice provided to the DPW of the avoidance of its lien was insufficient. The debtors filed an answer to the DPW's objection [3] and a hearing was held on this matter on June 22, 1981. The DPW failed to appear at that hearing. We declined, however, to enter judgment by default for the debtors because at that time we had under advisement in another case the issue of the constitutionality of § 522(f)(1) as applied to the liens of the DPW. As a result, we held the instant case under advisement pending a decision on that issue.

On November 24, 1981, we held in *In re Galbraith*, 15 B.R. 549 (Bkrtcy.1981) (1) that the judgment liens obtained by the DPW on the real property of welfare recipients are judicial liens, (2) that the liens of the DPW do impair a debtor's exemption in his real property even though they represent a debt of that property rather than a personal debt of the debtor and (3) the Tenth Amendment to the Constitution did not bar the application of § 522(f)(1) to avoid the liens of the DPW.

■ In light of our decision in *Galbraith*, therefore, we conclude that the first three arguments raised by the DPW in its objection to the avoidance of its lien herein are without merit.[4] We similarly find the other two arguments raised by the DPW to

be without merit. In the fourth ground of its objection, the DPW asserts that Congress did not intend the retroactive application of § 522(f). In *In re Paden*, 10 B.R. 206 (Bkrtcy.E.D.Pa.1981) we rejected that contention and held that Congress did intend that § 522(f) be applied retroactively to liens created before the enactment date of the Bankruptcy Code and that the retroactive application of that section was not an unconstitutional deprivation of property without due process. Furthermore, in the instant case, the judgment lien of the DPW was obtained on September 11, 1980, *after* the effective date of the Bankruptcy Code. Consequently, the debtors are not attempting to apply § 522(f) retroactively in this case.

■ With respect to the DPW's final argument, we find that the notice which it received of the avoidance of its lien was adequate. The debtors listed the DPW as a creditor and, therefore, the DPW received notice as did all of the debtors' creditors that:

> A debtor may provide in a plan for the avoidance of certain liens under sec. 522–f which impair an exemption to which the debtor otherwise might have been entitled if the lien is a judicial lien.... Any objections to the avoiding of the aforementioned liens ... shall be made pursuant to Rule 914 of the Rules of Bankruptcy Procedure....

The debtors plan provides for the avoidance of liens under sec. 522–f.[5]

Besides the notice above which was mailed to the DPW, the debtors' plan clearly states that the debtors are avoiding all liens on

---

3. In their answer, the debtors asserted, as new matter, that the lien of the DPW was also avoidable as a preference under § 547 of the Code because it was obtained within 90 days of the filing of the debtors' petition. Because we conclude that the DPW's lien is avoidable pursuant to § 522(f)(1), we find it unnecessary to address the debtors' argument based on § 547.

4. In the instant case there was no indication that the DPW contends that its argument that its lien does not impair the debtors' exemption was based on anything other than its argument about the nature of its lien. In particular, the

DPW did not assert that the fair market value of the debtors' property is enough to cover the debtors' exemptions and all liens thereon. The debtors' plan states that after nonavoidable liens on the .property are taken into account, there remains only $5,600 which is not enough for the debtors' exemption and the DPW's lien. Thus, the DPW lien does impair the debtors' exemption.

5. The above legend is typed on the computer notice which goes out to creditors in a chapter 13 case.

their property which are avoidable under § 522(f) and that the debtors consider the debt due the. DPW to be an unsecured claim. Thus, we find that the DPW received adequate notice of the debtors' intention to avoid its lien.

█ Moreover, there is nothing procedurally defective about the debtors' use of their chapter 13 plan to avoid the DPW's lien. Section 522(f) does not provide any specific procedure which a debtor must utilize in order to avoid a lien although it clearly contemplates some affirmative action by the debtor. *See, e.g., In re Porter,* 11 B.R. 578 (Bkrtcy.W.D.Okl.1981); *In re Krahn,* 10 B.R. 770 (Bkrtcy.E.D.Wis.1981); *In re Dardar,* 3 B.R. 641, 6 B.C.D. 352, 1 C.B.C.2d 1108 (Bkrtcy.E.D.Va.1980). Furthermore, § 1322(b)(10) provides that a plan under chapter 13 may "include any other appropriate provision not inconsistent with this title." We find that it is appropriate for a debtor to provide for the avoidance of liens under § 522(f) in his chapter 13 plan and that if such plan is confirmed that provision binds the creditors affected thereby. 11 U.S.C. § 1327(a).

For all of the above reasons, we find that the debtors herein may avoid the lien of the DPW on their residence pursuant to § 522(f)(1).