**In re Arthur L. GRAHAM, Debtor.**

**Bankruptcy No. 81–00956G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 31, 1981.

---

Jack K. Miller, Philadelphia, Pa., for the debtor, Arthur L. Graham.

Jason W. Manne, Asst. Counsel, Dept. of Public Welfare, Harrisburg, Pa., for the lienholder, Commonwealth of Pennsylvania Department of Public Welfare.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether the lien of the Commonwealth of Pennsylvania Department of Public Welfare ("the DPW") on the real property of the debtor may be avoided by him pursuant to § 522(f) of the Bankruptcy Code ("the Code"). We conclude that the lien of the DPW may be so avoided.

The facts of the instant case are as follows:[1] On March 18, 1981, Arthur L. Graham ("the debtor") filed a petition for an adjustment of his debts under chapter 13 of the Code. At that time, the DPW was the holder of two liens of $5,000 each on the debtor's real property located at 1622 South

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

22nd Street, Philadelphia, Pennsylvania, having entered judgments against the debtors in Philadelphia County on May 1 and May 2, 1980. In the chapter 13 plan filed by the debtor, the debtor provided for the avoidance of all liens on his property which are avoidable under § 522(f) of the Code.[2] Consequently, the debtor treated the DPW as an unsecured creditor in his plan.

Thereafter, on May 14, 1981, the DPW filed an objection to the avoidance of its liens, asserting that: (1) its lien is not a judicial lien, (2) its lien does not impair the debtor's exemptions, (3) the Tenth Amendment to the United States Constitution prohibits the avoidance of its lien, (4) Congress did not intend retroactive application of § 522(f) of the Code, and (5) the notice provided to the DPW of the avoidance of its liens was insufficient. The debtor filed an answer to the DPW's objection on May 21, 1981, and a hearing was held on this matter on August 12, 1981. We took this case under advisement at that time.

On November 24, 1981, we held in *In re Galbraith*, 15 B.R. 549 (Bkrtcy.1981) that: (1) the judgment liens obtained by the DPW on the real property of welfare recipients are judicial liens, (2) the liens of the DPW do impair a debtor's exemption in his real property even though they represent a debt of that property rather than a personal debt of the debtor and (3) the Tenth Amendment to the Constitution does not bar the application of § 522(f)(1) to avoid the liens of the DPW.

In light of our decision in *Galbraith*, therefore, we conclude that the first three arguments raised by the DPW in its objection to the avoidance of its lien herein are without merit.[3] We similarly find the other two arguments raised by the DPW to be without merit. In the fourth ground of its objection, the DPW asserts that Congress did not intend the retroactive application of § 522(f). In *In re Paden*, 10 B.R. 206 (Bkrtcy.E.D.Pa.1981), we rejected that contention and held that Congress did intend that § 522(f) be applied retroactively to liens created before the enactment date of the Bankruptcy Code and that the retroactive application of that section was not an unconstitutional deprivation of property without due process. Furthermore in the instant case the judgment liens of the DPW were obtained on May 1 and May 2, 1980, *after* the effective date of the Bankruptcy Code. Consequently, the debtors are not attempting to apply § 522(f) retroactively in this case.

With respect to the DPW's final argument, we find that the notice which it received of the avoidance of its lien was adequate. The debtor listed the DPW as a creditor and, therefore, the DPW received notice as did all of the debtor's creditors that:

A debtor may provide in a plan for the avoidance of certain liens under sec. 522f

2. Section 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor. 11 U.S.C. § 522(f).

3. In the instant case there was no indication that the DPW contends that its argument that its liens do not impair the debtor's exemption was based on anything other than its argument about the nature of its lien. In particular, the DPW did not assert that the fair market value of the debtor's property is enough to cover the debtor's exemptions and all the liens thereon. The debtor's plan states that after nonavoidable liens on the property are taken into account, there remains only $6,400.00 which is not enough for the debtor's exemption of $7,900 under § 522(d)(1) and (5). Therefore, the DPW's liens do impair that exemption.

which impair an exemption to which the debtor otherwise might have been entitled if the lien is a judicial lien . . . . Any objections to the avoiding of the aforementioned liens . . . shall be made pursuant to Rule 914 of the Rules of Bankruptcy Procedure . . . .
The debtor's plan provides for the avoidance of liens under sec. 522f.[4]

Besides the notice above which was mailed to the DPW, the debtor's plan explicitly states that the debtor is avoiding all liens on their property which are avoidable under § 522(f) and that the debtor considers the debt due the DPW to be an unsecured claim. Thus, we find that the DPW received adequate notice of the debtor's intention to avoid the lien.

■ Moreover, there is nothing procedurally defective about the debtor's use of his chapter 13 plan to avoid the DPW's lien. Section 522(f) does not provide any specific procedure which a debtor must utilize in order to avoid a lien although it clearly contemplates some affirmative action by the debtor. *See, e.g., In re Porter*, 11 B.R. 578 (Bkrtcy.W.D.Okla.1981); *In re Krahn*, 10 B.R. 770 (Bkrtcy.E.D.Wis.1981); *In re Dardar*, 3 B.R. 641, 6 B.C.D. 352, 1 C.B.C.2d 1108 (Bkrtcy.E.D.Va.1980). Furthermore, § 1322(b)(10) provides that a plan under chapter 13 may "include any other appropriate provision not inconsistent with this title." We find that it is appropriate for a debtor to provide for the avoidance of liens under § 522(f) in his chapter 13 plan and that if such plan is confirmed, that provision binds the creditors affected thereby. 11 U.S.C. § 1327(a).

For all of the above reasons, we find that the debtor herein may avoid the lien of the DPW on his residence pursuant to § 522(f)(1).

---

**4.** The above legend is typed on the computer notice which goes out to creditors in a chapter 13 case.