**In re James William BARKER and Carolyn Inez Barker, Debtors.**

**James William BARKER and Carolyn Inez Barker, Plaintiffs,**

**v.**

**HOUSEHOLD FINANCE, Defendant.**

**Bankruptcy No. 81–01749.**
**Complaint No. 81–0813.**

United States Bankruptcy Court,
D. South Carolina.

March 8, 1982.

---

**3.** 3 *Collier on Bankruptcy* ¶ 523.16[1] at 523– 116–117 (15th ed. 1979).

**12**

D. Nathan Davis, Charleston, S. C., for plaintiffs.

Charles S. Altman, Charleston, S. C., for defendant.

### ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Pursuant to 11 U.S.C. § 522(f)(2)(A)[1], the plaintiffs (debtors) seek to avoid the defendant's nonpossessory nonpurchase-money security interest in their household goods and furnishings.

1. Section 522(f): Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—* * * (2) a nonpossessory, nonpurchase-money security interest in any—(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; * * *.

2. Section 522(b): Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this

### FACTS

On December 10, 1980, the plaintiffs executed security agreements granting the defendant a security interest in their household goods and furnishings.

On November 20, 1981, the plaintiffs filed a joint petition for relief under Chapter 13 (11 U.S.C. § 1301, *et seq.*) wherein they claimed an exemption in their household goods and furnishings pursuant to 11 U.S.C. § 522(b)(1)[2] and S.C. Code § 15–41–200(3) (Supp.1981)[3] because their interest therein did not exceed $2,500 in the aggregate.

The defendant has moved the court to dismiss the lien avoidance proceeding on the ground that § 522(f) does not apply to cases filed under Chapter 13 of the Bankruptcy Code.

### DISCUSSION AND CONCLUSION

In support of its motion to dismiss this lien avoidance proceeding, the defendant cites *Sands v. Blazer Financial Services*, 8 B.C.D. 424, 15 B.R. 563, 5 C.B.C.2d 832 (Bkrtcy.M.D.N.C.1981); and *Aycock v. Heritage Bank*, 8 B.C.D. 507, 15 B.R. 728, 5 C.B.C.2d 856 (Bkrtcy.E.D.N.C.1981).

Although the rationale of those opinions is appealing, I feel bound by the language of § 522(f)(2)(A) which, by 11 U.S.C. § 103(a)[4], applies to Chapter 13 cases. *As-*

subsection specifically does not so authorize; * * *.

3. Section 15–41–200: The following real and personal property of a debtor domiciled in this State shall be exempt from attachment, levy, and sale under any mesne or final process issued by any court or bankruptcy proceeding: * * * (3) The debtor's interest, not to exceed two thousand five hundred dollars in aggregate value in household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments, that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor.

4. Section 103(a): Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, or 13 of this title.

*sociates Financial Services v. Ohnstad*, 1 C.B.C.2d 494 (D.S.D.1980); *In re Primm*, 6 B.R. 142, 2 C.B.C.2d 494 (Bkrtcy.D.Kan. 1980); *Jordan v. Borda*, 6 B.C.D. 630, 5 B.R. 59, 2 C.B.C.2d 635 (Bkrtcy.D.N.J.1980); *Public Finance v. Lantz*, 7 B.C.D. 371, 7 B.R. 77 (Bkrtcy.S.D.Ohio 1980). *See, In re Graham*, 15 B.R. 1010 (Bkrtcy.E.D.Pa.1981); *In re McKay*, 15 B.R. 1013 (Bkrtcy.E.D.Pa. 1981). These are cases in which Chapter 13 debtors have used § 522(f) to avoid liens on their exempt property.

### ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that:

1. the defendant's motion to dismiss is denied;

2. the plaintiffs have judgment against the defendant, Household Finance, avoiding Household Finance's nonpossessory, nonpurchase-money security interest in the plaintiffs' household goods and furnishings, to the extent that said security interest impairs the plaintiffs' exemption under South Carolina law.