In re Charlotte LEECAN, a/k/a Theresa Leecan, Debtor.

PUBLIC CONSUMER DISCOUNT COMPANY, Plaintiff,

v.

Charlotte LEECAN, a/k/a Theresa Leecan and James J. O'Connell, Esquire, Trustee, Defendants.

Bankruptcy No. 80–00646K.

Adv. No. 82–2842K.

United States Bankruptcy Court, E.D. Pennsylvania.

March 3, 1983.

Alan B. Liss, Philadelphia, Pa., for plaintiff.

Leonard R. Goldberger, Philadelphia, Pa., for debtor/defendant.

James J. O'Connell, Philadelphia, Pa., trustee/defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on the complaint of Public Consumer Discount Company seeking relief from the automatic stay imposed by § 362 of the Bankruptcy Code. The Debtor filed a motion to dismiss the complaint. After consideration of the memoranda of law filed by the parties, the Court concludes that it must deny the motion to dismiss. An Order will be entered setting a trial date.[1]

The instant adversary proceeding was commenced by a complaint filed on October 27, 1982. The plaintiff requested the Court to grant relief from the automatic stay in order to permit the creditor to proceed with an action for mortgage foreclosure in the Court of Common Pleas of Philadelphia County. The plaintiff also requested the Court to enter an order directing the Trustee to abandon the property. The Debtor moved to dismiss the complaint on the basis that the plaintiff was the holder of a judi-

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

cial lien which had been avoided upon confirmation of the plan and, therefore, the plaintiff retained no interest enforceable against the property. The Debtor also asserted that the doctrine of laches barred the plaintiff from instituting this action.

After contrasting the complaint with the memoranda of law filed by the parties, the Court questions whether they relate to the same case. The complaint refers to a mortgage held by the plaintiff and a mortgage foreclosure action in state court. At the hearing on the motion to dismiss, however, the discussion seemed to focus on the existence of a judicial lien held by the plaintiff.[2] The Court speculates that this blatant inconsistency results from the use of a form complaint, without reviewing the averments contained therein.

The plaintiff has further complicated the matter by seemingly abandoning its request for relief from the stay, and requesting the Court to conduct a valuation hearing for the purposes of determining exemptions pursuant to § 522 of the Code.[3] This request bears no relation whatsoever to a complaint for relief from the automatic stay.

In an automatic stay proceeding, the Court must limit itself to a narrow frame of inquiry. While no direct position on the matter is taken in section 362, other than by inference from the brief time periods of section 362(e), the legislative history is quite clear. The comment to section 362(e) states, in part:

> At the expedited hearing under subsection (e), and at all hearings on relief from the stay, the only issue will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from the stay.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 344 (1977).

S.Rep. No. 95–989, 95th Cong., 2d Sess. 53, 55 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 6300.

On the basis of this authority, the Court will dismiss the complaint insofar as it requests abandonment of property or an opportunity to object to exemptions. The only matter to be considered by the Court in this proceeding shall be such issues as are raised under the section of the Code providing for relief from the automatic stay. 11 U.S.C. § 362(d).

The Court will now turn to an examination of the merits of the Debtor's motion to dismiss the complaint. The first question before the Court is whether the complaint states a claim upon which relief may be granted. If it does not, the defendant's motion to dismiss must be granted. Pursuant to Bankruptcy Rule 712, the questions of whether a complaint states a claim upon which relief may be granted is determined under Federal Rule of Civil Procedure 12(b)6. Under the terms of Rule 12(b)6, the Court must consider this motion to dismiss as a motion for summary judgment and apply Federal Rule of Civil Procedure 56. Summary judgment is a drastic remedy. It eliminates a party's right to a trial on the merits, and thus, should be available only under limited circumstances. *In the Matter of Silverman*, 10 B.R. 727, 728 (Bkrtcy.S.D. N.Y.1981). In determining such a motion, the Court does not try issues of fact. The sole task is to determine whether there are any factual issues to be tried. The Court must consider all of the pleadings in determining whether any genuine issue of material fact exists. If no such issue exists, the movant is entitled to judgment as a matter of law. F.R.Civ.P. 56(c). The Court, in considering such a motion, must assume all of the allegations set forth in the claimant's pleadings as true; and, the Court must resolve all ambiguities and inferences in favor of the party against whom summary judgment is sought. *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Silverman, supra* at 729. The moving party has the burden of demonstrating the absence of any genuine dispute of material facts. *Heyman v. Commerce*

---

**2.** See, also, memorandum of law filed by the plaintiff, pp. 3–4.

**3.** *Id.,* p. 2.

*and Industry Insurance Company,* 524 F.2d 1317, 1320 (2nd Cir.1975).

■ In the instant case, unfortunately, the crucial facts seem to be in dispute. There is a substantial question as to whether the plaintiff holds a mortgage or a judicial lien. If the plaintiff holds a judicial lien, as the Debtor alleges, the plaintiff would not be entitled to relief from the stay. According to the Debtor, the Chapter 13 plan provided for the avoidance of judicial liens pursuant to § 522(f) and, therefore, the Order confirming the plan avoided the lien and reduced the plaintiff to the status of an unsecured creditor which would not be entitled to relief from the stay.

■ It is well-settled, in this District, that a Chapter 13 plan may provide for the avoidance of judicial liens. *In re McKay,* 15 B.R. 1013 (Bkrtcy.E.D.Pa.1981); *In re Graham,* 15 B.R. 1010 (Bkrtcy.E.D.Pa.1981). The Order of confirmation acts to avoid such liens. *In re Esser,* 20 B.R. 178 (Bkrtcy. E.D.Pa.1981).

The Debtor argues that this is precisely the situation before the Court. The plaintiff's lien was allegedly avoided upon confirmation of the plan in November of 1980. In addition, the Debtor argues that the plaintiff must be bound by the provisions of the plan as confirmed. 11 U.S.C. § 1327; *In re Hammett,* 21 B.R. 923 (Bkrtcy.E.D.Pa. 1982).[4]

Interestingly enough, the plaintiff replied to this argument not by raising the fact that its lien was a mortgage but, rather, by asserting that a valuation hearing should be held. This odd request was based on our Opinion in the case of *In re Carswell,* 13 B.R. 337 (Bkrtcy.E.D.Pa.1981). Such reliance, however, is completely misplaced. The *Carswell* case addressed the situation where a creditor timely objected to the debtor's application to avoid its judicial lien. The Court found that the lien did not impair the debtor's exemption and denied the debtor's application. In the case at bench,

confirmation of the plan over two (2) years ago would have avoided the lien. No action was taken by the creditor in a timely fashion. Furthermore, the proper procedure in this case would seem to be to move the Court to revoke confirmation of the plan. On the other hand, if the plaintiff holds a mortgage lien, which would not be avoidable under § 522(f), the complaint should move forward.

Unfortunately, the foregoing discussion is largely academic. The Court is not in a position to rule on the issues raised by the Debtor's motion to dismiss the complaint. The status of the plaintiff's lien, if any, is unclear. Furthermore, the Debtor has not proven that the plan was confirmed or that the plan provided for the avoidance of judicial liens. These matters were discussed at the hearing on the motion to dismiss, however, no evidence was presented.

■ The Bankruptcy Court may not consider documents on file unless they are offered into evidence. The Supreme Court stated in the case of *Interstate Commerce Commission v. Louisville & Nashville R. Co.,* 227 U.S. 88, 93, 33 S.Ct. 185, 187, 57 L.Ed.2d 431 (1938), that a court can only consider evidence offered at the hearing or trial; they may not consider other evidence or facts which may be in the files or conceivably known to the judge. To hold otherwise, the Court stated, would be to violate the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied on by his opponent presented at the hearing of his case so that he may have the opportunity to cross-examine his opponent's witnesses and to offer evidence in rebuttal.

This premise was specifically extended to a bankruptcy proceeding in the case of *In re Aughenbaugh,* 125 F.2d 887 (3rd Cir.1942). In *Aughenbaugh, supra,* a hearing was held upon the trustee's exceptions to the mortgagee's priority claim. The referee considered evidence which was not offered at the hearing, but was contained in the statements

4. In this regard, the Court notes that upon confirmation of the plan, all property revests in the debtor. 11 U.S.C. § 1327(c). Therefore, it would be inappropriate for the Court to direct the trustee to abandon property in which he does not hold title.

and schedules, proof of claims and other data on file with the court in the proceeding. In reversing and remanding the order of the referee, the Third Circuit held that if the trustee or referee desired to rely upon any papers on file, or to be filed, in the bankruptcy proceeding, it must first be offered into evidence at the hearing. In other words, nothing can be treated as evidence which is not introduced as such. *See also, Akron, C. & Y.R. Co. v. United States,* 261 U.S. 184, 198 n. 19, 43 S.Ct. 270, 276 n. 19, 67 L.Ed. 605. (1923).

The Court will deny the Debtor's motion to dismiss the complaint on the basis that substantial factual issues remain unresolved. The case cannot be decided on an legal basis until the necessary facts are placed in the record. It will, therefore, be necessary to schedule a further hearing.

An appropriate Order will be entered.