In re Arthur W. PORTER and Phyllis S. Porter, h/w, Debtors.

Dorothy A. PRICE, Plaintiff,

v.

Arthur W. PORTER and Phyllis S. Porter, h/w, Defendants.

Bankruptcy No. 80–00345T.
Adv. No. 80–0315T.

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 7, 1980.

Robert Ungerleider, Bethlehem, Pa., for plaintiff.

Karl E. Friend, Allentown, Pa., for defendants.

## MEMORANDUM

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

On June 23, 1980, plaintiff filed a complaint objecting to the discharge of the debtors under § 727 of the Bankruptcy Code, 11 U.S.C. § 727 (1979). Defendant-debtors have filed an answer denying the salient allegations of the complaint; in addition, defendants have moved for judgment on the pleadings. For reasons hereinafter given, we shall grant defendants' motion for judgment on the pleadings.[1]

**1.** This Memorandum constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

**2.** Paragraphs VII and VIII of the complaint are as follows:

### VII
That Plaintiff was aware that Defendant was securing a loan from Union Bank and Trust Company, but was not informed that the proceeds thereof was [sic] to be used for Defendants' own business located at the Lehigh Valley Mall, Whitehall, Pennsylvania, but at all times was told and was under the belief that the proceeds of said loan from Union Bank and Trust Company was [sic] to be used for another similar business that was to be owned by Plaintiff and Arthur W. Porter, one of the Defendants herein, located in Montgomery Mall, Montgomeryville, Pennsylvania.

### VIII
That Plaintiff believes and therefore avers that Defendants withheld vital information from her and because of undue influence and confidential relationship, and because of the

The complaint alleges and defendants' answer admits that plaintiff is a co–signer with the defendants on a judgment note held by Union Bank and Trust Company. Plaintiff's Complaint, ¶ IV. The complaint further alleges that defendants have defaulted on the note, thereby placing plaintiff's residence "in jeopardy." *Id.*, ¶¶ V, VI. Paragraphs VII and VIII of the complaint set forth the alleged legal basis for objection to discharge under 11 U.S.C. § 727.[2]

We conclude that no paragraph of plaintiff's complaint sets forth circumstances which would bar defendants' discharge under any of the grounds stated in § 727 of the Bankruptcy Code.

Section 727 of the Code, derived from § 14 of the old Bankruptcy Act (11 U.S.C. § 32 (repealed 1979)), is designed to prevent the discharge of persons who are not individuals (§ 727(a)(1)); who have committed wrongdoing *in connection with the administration of the bankruptcy case* itself (§ 727(a)(2), (3), (4)); who fail to explain satisfactorily loss or deficiency of assets (§ 727(a)(5)); who refuse to testify (§ 727(a)(6)); and who are involved in other conduct not pertinent here (*see* § 727(a)(7)–(10)).

The defendants contend, and it appears, that the plaintiff is, in reality, alleging

aforementioned false statements and claims, Plaintiff was induced to execute the Judgment Note as co–signer, without adequate consideration and without full revelation of facts and in total reliance upon the superior business judgment and skill of Defendant, Arthur W. Porter, to her detriment and loss.

More particularly, plaintiff, in her memorandum of law opposing defendants' motion, cites § 727(a)(4), which bars discharge, if:

(4) the debtor knowingly and fraudulently, in or in connection with the case–

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs; ...

facts which may more properly be averred in an action to except from discharge *a particular debt* under § 523 of the Bankruptcy Code.[3] Plaintiff responds that, even if this is so, the liberal notice pleading philosophy of the federal rules of civil procedure permit the plaintiff to go to trial on the complaint under § 523 as it now stands, or, in the alternative, affords a basis for permitting amendment of the complaint to permit her to proceed pursuant to § 523 (see footnote 3, *supra*).

Counsel for plaintiff has apparently failed to perceive the clear and important distinction between the provisions of and differing purposes behind § 523 and § 727 of the Code.[4] Furthermore, plaintiff has misconstrued the meaning of notice pleading principles. Plaintiff's complaint demands, in the prayer for relief, bar of discharge under § 727 of the Code. After review of the factual allegations as well, the most "liberal" reading of this complaint does not yield the plaintiff any legal basis for proceeding under § 727 to bar discharge of the debtors.

However, under the circumstances of this case, we conclude that it would not be unfair to either party to permit plaintiff to file a complaint, if she so desires, instituting a new adversary proceeding, to determine the dischargeability of a debt pursuant to § 523 of the Code.[5]

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; ...

**4.** The predecessors for these two sections were § 14 and § 17 of the Bankruptcy Act of 1898, 11 U.S.C. §§ 32, 35 (repealed 1979). *See generally* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 363–365, 384–385 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318–6320, 6340, 6341.

**5.** We extend the time for the filing of such a complaint for cause under Rule 409(a)(2) of the Rules of Bankruptcy Procedure.

---

**3.** Plaintiff has, in effect, conceded that its legal claim, if any, lies under § 523 and not § 727, by filing a pleading styled "Motion and Order Nunc Pro Tunc," moving to amend her complaint by deleting any reference to § 727 and amending the complaint "to bring her action under Section 523(a)(2)."

Section § 523(a)(2) of the Code bars discharge of any debt

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;