**In re Rubin C. WAITE and Priscilla L. Waite, Debtors.**

**Rubin C. WAITE and Priscilla L. Waite, Plaintiffs,**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, COMMONWEALTH OF PENNSYLVANIA, Defendant.**

**Bankruptcy No. 1–80–00259.
Adv. No. 1–80–0231.**

United States Bankruptcy Court,
M. D. Pennsylvania.

May 29, 1981.

Michael Bresnahan, Keystone Legal Services, Inc., State College, Pa., for plaintiffs.

Jason W. Manne, Office of Legal Counsel, Harrisburg, Pa., for Dept. of Public Welfare.

## MEMORANDUM AND ORDER

### RE: LIEN AVOIDANCE

THOMAS WOOD, Bankruptcy Judge.

Plaintiffs have filed a complaint to avoid a lien of judgment obtained by the defendant, Pennsylvania Department of Public Welfare (DPW). A motion to dismiss the complaint has been filed by DPW. Two issues are involved. First, whether the judgment entered of record by DPW against real estate of public assistance recipients is a judicial lien under the definition of the Bankruptcy Reform Act of 1978 (the Code). Second, whether a debtor may avoid a judicial lien under § 522(f)(1) of the Code where avoidance would interfere with collection of a claim of the Commonwealth.

## DISCUSSION

Plaintiffs have been recipients of public assistance and have signed an agreement giving DPW the authority to enter judgment against them and thereby obtain a lien on their property pursuant to the Act of June 24, 1937, P.L. 2045 § 4, as amended; 62 P.S. 1974. DPW has entered judgment. Plaintiffs filed a complaint to avoid this lien under Code § 522(f)(1), which provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien. . . .

DPW disputes avoidance, arguing that the lien is a security interest or a statutory lien, not a judicial lien. Statutory lien is defined in the Code at § 101(38):

(38) "statutory lien" means lien arising *solely* by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute;
. . .

11 U.S.C.A. 101(38) (emphasis added). Judicial lien is defined in the Code at § 101(27), which provides:

(27) "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;
. . .

While it is beyond dispute that the DPW lien arises by authority of statute, an unequivocal classification of the lien as statutory is not possible. The Code's legislative history elaborates on the definition of statutory lien found at § 101(38):

The definition excludes judicial liens and security interests, whether or not they are provided for or are dependent on a statute. A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien on a judicial action. Mechanics', materialmen's, and warehousemen's liens are examples. Tax liens are also included in the definition of statutory lien.

House Rpt.No.95–595, 95th Cong., 1st Sess. (1977) 314; Senate Rpt.No.95–989, 95th Cong., 2d Sess. (1978) 27 U.S.Code Cong. & Admin.News 1978, pp. 5787, 6271.

█ While DPW's liens arise through statutory authority, the fact that judicial proceedings are necessary to bring such liens to full force and effect significantly excludes them from being classified as statutory liens for bankruptcy purposes. The language of § 1974 of the Support Law (62 P.S.1974) does not automatically give rise to a judgment but rather permits bringing suit to obtain a judgment lien through judi-

cial process. The confession of judgment clause of the agreement signed by the debtors when they went on public assistance provided an expedient alternative to more elaborate judicial proceedings. Pennsylvania case law confirms that the lien is a judicial lien. *Department of Public Welfare v. Livingood*, 22 Pa.Cmwlth. 530, 349 A.2d 816 (1976).

DPW also objects on the basis that avoidance would interfere substantially with an essential state function. Such a consequence is not supported by the record. In order for the Court to find that the Commonwealth's welfare program would be substantially impaired by the occasional avoidance of judgment liens against property of benefit recipients, there must be evidence to that effect. *See In Re Glidden*, CCH Bankruptcy Law Reports, para. 67, 764. In the absence of such evidence, the motion to dismiss is denied.

### ORDER

AND NOW, this 29 day of May, 1981, the Motion filed by Pennsylvania Department of Public Welfare to Dismiss Plaintiffs' Complaint to Avoid Liens is hereby denied.