In re Joanne E. HOFFA, Debtor.

Joanne E. HOFFA, Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE.

Bankruptcy No. 80–03301 T.

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 17, 1982.

Jason W. Manne, Harrisburg, Pa., for defendant.

Linda Ludgate, Reading, Pa., for plaintiff.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Debtor has filed an application to avoid the lien of the Commonwealth of Pennsylvania Department of Public Welfare (hereinafter referred to as "DPW"), pursuant to 11 U.S.C. § 522(f)(1) of the Bankruptcy Code. For reasons hereinafter given, we

conclude that the lien of DPW is a judicial lien which is avoidable under § 522(f)(1) to the extent that it impairs the exemption claimed by the debtor in her real estate.[1]

The debtor filed a petition in bankruptcy on December 11, 1980. Schedule B–2 listed real estate valued at $11,900.00 which was subject to a $5,000 mortgage. This real estate was also encumbered by DPW liens in the amount of $20,000. The debtor listed her equity in the real estate as exempt on Schedule B–4 under 11 U.S.C. § 522(d)(1). On May 22, 1981, the debtor filed an application to avoid the DPW lien. Objections to this application were filed by DPW. At issue is the nature of the lien. A judicial lien can be avoided under § 522(f)(1) to the extent that it impairs the debtor's exemption. DPW argues that its lien arose by virtue of a security interest or statute and that it is not avoidable.

As a recipient of public assistance, debtor was required to sign a reimbursement agreement, form Pa.–9. In it, she authorized judgment by confession to be taken against her. The form states "this *judgment* shall be a lien upon my property." (emphasis added) The lien came into being by the docketing of the judgment.

DPW asserts that the agreement itself establishes its lien and creates a security interest. The distinction between a security interest and a judgment by confession is clear and has been discussed by us previously. *In re Porter* 7 B.R. 354 (Bkrtcy. E.D.Pa.1980). One of the criteria necessary to the creation of a valid security interest is specificity in the description of the collateral. *Matter of Bollinger Corporation*, 614 F.2d 924, 927 (3d. Cir., 1980). Pa.–9 does not describe any particular piece of the debtor's real estate and, therefore, it does not grant DPW a security interest in the debtor's property. We are in agreement with our colleague, the Honorable Emil F. Goldhaber, in *In re Galbraith*, 15 B.R. 549 (Bkrtcy.E.D.Pa.1981), in rejecting DPW's

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

argument that its lien is a security interest rather than a judicial lien.

 DPW also asserts that its lien is a statutory lien. The definition of a statutory lien provided by the Code at § 101(38) states that it arises "*solely* by force of statute." 11 U.S.C. § 101(38) (emphasis added) The legislative history of this section clearly excludes liens such as DPW's. "A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien on a judicial action." House Rpt. 95–595, 95th Cong., 1st Sess. (1977) 314; Senate Rpt.No.95–989, 95 Cong., 2d Sess. (1978); 7 U.S.Code Cong. & Admin.News 1978, pp. 5787, 6271. DPW finds authority for obtaining a lien in the Pennsylvania Support Law (62 P.S.1974). However, this statute is not self-executing. *Matter of Hoffman* 38 Pa.D & C.2d 577 (1966). A judicial action is necessary to bring the lien into full force and effect. For this reason, the DPW lien cannot be classified as a statutory lien. *In re Holt* 11 B.R. 797 (Bkrtcy.W.D.Pa.1981) (Cosetti, B. J.) *In re Waite* 11 B.R. 608 (Bkrtcy.M.D.Pa.1981) (Wood, B. J.)

 Neither the reimbursement agreement, nor the statute is sufficient to create DPW's lien. The judicial action of confessing the judgment is required for the lien to become a charge against the debtor's property. We conclude that it is a judicial lien which falls within the scope of § 522(f)(1).

 The constitutionality of a retroactive application of § 522(f)(1) has been affirmed by us in *In re Burkholder* 12 B.R. 585 (Bkrtcy.1981). In accord, *In re Ashe* 105 F.2d 669, (3d Cir., 1982). The issue of whether considerations of federalism compels a construction of the Code which excludes State held cognovit liens from the operation of § 522(f)(1) has been addressed in *In re Waite* supra, *In re Holt* supra, and *In re Galbraith* supra. We are in agreement with the holdings in those cases that the Code does not allow for this distinction between state lien holders and private lien holders.

 In the case at bar, the interference caused by the operation of § 522(f)(1) on the Commonwealth's welfare scheme has not been demonstrated to be so severe as to warrant a balancing interest analysis under the 10th Amendment to the Constitution of the United States. We will not undercut the Congressional intent of providing the debtor with a fresh start by giving § 522(f)(1) a construction which distinguishes between the Commonwealth and private lienors.

For these reasons the debtor's application to avoid the DPW lien, to the extent that it impairs her exemption, is granted.