In the Matter of John Paul VIGNE, a/k/a J. Paul Vigne, a/k/a Paul Vigne and Karyl Joyce Vigne, Debtors.

John Paul VIGNE, a/k/a J. Paul Vigne, a/k/a Paul Vigne and Karyl Joyce Vigne, Plaintiffs,

v.

EQUIBANK, N. A. and Peoples Bank of Western Pennsylvania, Defendants.

Bankruptcy No. 80–934.

Adv. Nos. 80–741, 81–182.

United States Bankruptcy Court, W. D. Pennsylvania.

March 29, 1982.

Edward Olds, Neighborhood Legal Services, Pittsburgh, Pa., for debtors.

Michelle De Bord, New Castle, Pa., for Equibank.

Gary Nelson, Pittsburgh, Pa., Stephen Ross Green, New Castle, Pa., for Peoples Bank of Western Pennsylvania.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the consolidated adversary proceeding of debtors *John Paul and Karyl Joyce Vigne*, herein plaintiffs, v. *Equibank*, at adversary number 80–741, wherein plaintiffs seek to avoid Equibank's lien pursuant to 11 U.S.C. § 522(f); and *John Paul and Karyl Joyce Vigne v. Peoples Bank of Western Pennsylvania*, hereinafter "Peoples", at adversary number 81–182, wherein plaintiffs seek an order declaring Peoples' mortgage null and void, and Peoples an unsecured creditor of the debtors' estate pursuant to 11 U.S.C. § 506. The adversary proceedings have been consolidated at number 81–182.

The present dispute which involves the priority and avoidance of liens arises from the following sequence of events. In 1976, debtors entered into a credit transaction with Equibank. Shortly thereafter, Equibank filed a confession of judgment against the debtors, as authorized by agreement of the parties. Subsequent thereto, debtors entered into a credit transaction with Peoples. Debtors executed a mortgage in favor of Peoples upon their residential property. Debtors filed a voluntary petition in Bankruptcy under Chapter 7 of the Code on June 19, 1980. This Court has determined that the fair market value of the debtors' residential property as of the date of filing is $18,000. The debtors have claimed an exemption of $13,680 in the property.

For the reasons that follow, the Court concludes that Equibank's lien, obtained by confession of judgment, is a judicial lien. Therefore, it is avoidable to the extent that it impairs debtors' exemption, pursuant to 11 U.S.C. § 522(f). The Court further concludes that Peoples' mortgage, recorded subsequent to the aforementioned confession of judgment, is void pursuant to 11 U.S.C. § 506, for it exceeds the value of the collateral.

Plaintiffs and defendant Equibank have stipulated to the facts as follows. Plaintiffs reside at 110 E. Wallace Street, New Castle, Pennsylvania. There are two existing liens on said property. Peoples holds a non-purchase money mortgage, dated February 1, 1978, and recorded in Mortgage Book Volume Number 495, Page 642 at the Lawrence County Courthouse.

Prior thereto, in July, 1976, plaintiffs entered into a credit transaction with defendant Equibank. The Equibank transaction was originally evidenced by a mortgage note and secured by a mortgage on the East Wallace Avenue property with a face amount of $15,000, and interest at 9.5%. In addition, plaintiffs and Equibank executed a note, security agreement, and disclosure statement which authorized defendant Equibank to confess judgment against plaintiffs. On November 5, 1976, Equibank confessed judgment in an amount of five thousand ($5,000.00) dollars in excess of that authorized by the note, security agreement, and disclosure statement. In August, 1979, the judgment was reformed by Order of Court of Common Pleas, Lawrence County. The order stated therein that Equibank's lien position was not affected by the reformation. The amount of the judgment as reformed was $36,409.96. Shortly thereafter, Equibank satisfied the mortgage to eliminate the appearance of two liens evidencing the same obligation. Equibank preserved the judgment rather than the mortgage in order to recover a higher rate of interest. The balance due thereon is $17,282.74 plus attorney's fees in the amount of $2,592.41; interest, and costs.

Plaintiffs contend that by virtue of state law, Peoples mortgage is subordinate to Equibank's judgment. On the basis of 42 Pa.C.S.A. § 8141, the Court agrees. Section 8141 provides, in pertinent part, "that liens against real property shall have priority over each other on the following basis: ... 2) (non-purchase money) mortgages and defeasible deeds in the nature of mortgages, from the time they are left for record ... and 5) amicable judgments, from the time the instruments on which they are entered are left for entry." Thus, it is clear that Equibank's lien, which arose from a confession of judgment filed in November,

1976 is given priority over a non-purchase money mortgage recorded by Peoples in November, 1978 under state law.

The Court now looks to the nature of Equibank's lien in order to determine the applicability of 11 U.S.C. § 522(f). Section 522(f) provides that the debtor may avoid a judicial lien to the extent that it impairs the debtor's exemption. Plaintiffs contend that Equibank's lien, which arose by virtue of a confession of judgment, is a judicial lien, and therefore, avoidable. Defendant Equibank argues that the lien is not judicial, but rather statutory; or in the alternative, a residential mortgage. Equibank further argues that the avoidance of a lien which arose prior to the enactment of the Bankruptcy Code is an unconstitutional retroactive deprivation of property without due process of law. In its counterclaim, Equibank requests relief from stay on the basis that it lacks adequate protection.

■ The Court is unconvinced of defendant Equibank's arguments, and concludes that Equibank's lien in the case at bar is a judicial lien and thereby avoidable pursuant to 11 U.S.C. § 522(f) to the extent that it impairs debtors' exemptions for the reasons that follow.

A judicial lien is defined in the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). On the other hand, a statutory lien is a "lien arising solely by force of statute on specified circumstances or conditions." 11 U.S.C. § 101(38). It arises automatically, and is not based on an agreement to give a lien or on judicial action. House Rpt. No. 95–595, 95th Cong., 1st Sess. (1977) 314; Senate Rpt. No. 95–989, 95th Cong., 2d Sess. (1978) 27 U.S.Code Cong. & Admin. News 1978, p. 5787. It has been held that a lien arising by virtue of a confession of judgment is a judicial lien for bankruptcy purposes. *In re Rubin C. Waite*, 11 B.R. 608, 7 B.C.D. 995 (Bkrtcy.M.D.Pa.1981); *In re Natale*, 5 B.R. 454 (Bkrtcy.E.D.Pa.1980). Judicial process is necessary to bring such a lien to full force and effect, and the requisite judicial process excludes such liens

from classification as statutory. *In re Rubin C. Waite, supra.* Further, such liens have been categorized as judicial despite creditors' contentions that they are consensual and therefore security agreements. *In re Natale, supra.* In a recent decision, the Third Circuit Court of Appeals has held that a cognovit note is a judicial lien for bankruptcy purposes. *In re Charles E. Ashe and Susan J. Ashe*, 669 F.2d 105 (3d Cir. 1982).

■ The Court further held that the operation of 11 U.S.C. § 522(f) whereby liens which arose prior to the enactment of the Bankruptcy Code are avoided, does not constitute an unconstitutional retroactive taking of property without due process of law. On the basis of the foregoing, the Court concludes that Equibank's lien is judicial and avoidable to the extent that it impairs debtors' exemption of $13,680.

The Court now looks to Peoples' mortgage, recorded upon the East Wallace Avenue property subsequent to Equibank's confession of judgment. In connection with a credit transaction which occurred in February, 1978, Peoples took a mortgage on plaintiffs' residential property. The present balance thereon is $11,237.33.

In their complaint, plaintiffs allege the following. By virtue of Pennsylvania law, Peoples' mortgage is subordinate to the judgment lien of Equibank. The balance due on the latter is $17,282.74, plus attorney's fees of $2,592.14 and interest. By virtue of 11 U.S.C. § 506, Peoples' claim is not secured by the property at 110 East Wallace Avenue. Plaintiffs therefore seek the entry of an order declaring Peoples' mortgage null and void, and Peoples an unsecured creditor of the debtors' estate.

In its answer, Peoples contends that its claim is secured, for the debtors have equity in the property to the extent that Equibank's lien is avoided. Peoples further argues that if Equibank's lien is not avoided, their interest attaches to the remainder of the debtors' interest after satisfaction of Equibank's judgment.

Section 506(d) of the Bankruptcy Code provides as follows:

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.

The legislative history of § 506 further explains: "Subsection (a) of this section separates an undersecured creditor's claim into two parts. He has a secured claim to the extent of the value of his collateral; and he has an unsecured claim for the balance of his claim." Senate Rpt. No. 95–989, 95th Cong., 2d Sess. (1978) 68, U.S.Code Cong. & Admin.News 1978, p. 5854.

■ On the basis of § 506, the Court is convinced that Peoples' mortgage was not secured by the 110 East Wallace Avenue property because of Equibank's judicial lien which preceded it. Further, it has been held in this District that § 506(d) of the Bankruptcy Code allows for the avoidance of a real property mortgage to the extent that the mortgage exceeds the value of the collateral. *In re Tanner,* 14 B.R. 933 (Bkrtcy.W.D.Pa., 1981). In light of the judgment which preceded the mortgage in the case at bar, the holding in *In re Tanner, supra,* is applicable. Further, the Court is convinced that the enactment of § 522(f), whereby a first judgment holder's lien may be avoided, was not intended to enhance the position of a subsequent mortgage holder who took the mortgage with record notice of the judgment which preceded it. Based on the foregoing, the Court concludes that the Peoples' mortgage is void on the basis of § 506(d).

Finally, on September 24, 1981, the Court determined that the fair market value of 110 East Wallace Avenue as of June, 1980, was $18,000. At that hearing, the Court received into evidence a certified copy of a delinquent tax statement from the Tax Claim Bureau of Lawrence County, Pennsylvania. (Exhibit A). The statement indicates that there are unpaid Lawrence County taxes, school taxes, and New Castle City taxes in the amount of $3,458.62 for the years 1978, 1979, and 1980.

■ Plaintiffs have filed a Motion to Amend the Stipulation of Facts, in which the above-mentioned tax claims are set forth. Plaintiffs allege that the municipal tax claims for property taxes act as liens against the property, and are entitled to priority over all other liens. On the basis of 72 P.S. 5860.301, the Court agrees. Section 5860.301 provides that "(tax) liens shall have priority to and be fully paid and satisfied out of the proceeds of any public sale of said property held under the provisions of this act before any mortgage, judgment, claim, lien or estate." Only the cost of sale and tax liens in favor of the Commonwealth are prior to such tax liens.

Based on the foregoing, the Court resolves the dispute in the case at bar in the following manner. Payment of the aforementioned municipal tax liens are accorded priority pursuant to 72 P.S. 5860.301. Plaintiffs may then claim the $13,680 exemption in their real property, which has been valued at $18,000 by Order of this Court. Pursuant to § 522(f) of the Bankruptcy Code, Equibank's judgment lien is avoided to the extent that it impairs debtors' exemption. Finally, pursuant to § 506 of the Code, Peoples' mortgage, recorded subsequent to Equibank's confession of judgment, is declared void.