**In re Thomas Franklin ESSER, Margareta Nancy Esser, Debtors.**

**Bankruptcy No. 80–00838K.**

United States Bankruptcy Court, E. D. Pennsylvania.

May 24, 1982.

Mitchell W. Miller, Philadelphia, Pa., for debtors.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

Jason W. Manne, Asst. Counsel, Dept. of Public Welfare, Harrisburg, Pa., for Com. of Pa.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on an application to hold a creditor, the Commonwealth of Pennsylvania, in contempt for violating the automatic stay. The application also requested the Court to assess counsel fees and expunge the claim of the Commonwealth. The Court will find in favor of the debtor, however, no penalty will be imposed at this time. The Commonwealth argued that a penalty such as a fine or counsel fees could not be imposed by this Court. Counsel for the parties, therefore, will be directed to file memoranda of law on this issue.[1]

There is no factual dispute in this matter. The debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 21, 1980. Notice of the first meeting of creditors was mailed to all creditors on September 8, 1980. The Commonwealth is shown as one of the recipients of this notice. This notice stated that the debtors' plan sought to avoid liens pursuant to § 522(f)(1) of the Code. The Commonwealth filed no objection to either avoidance of their liens or to confirmation of the plan. On April 7, 1981, this Court entered an Order confirming the debtors' plan.

Subsequent to confirmation, the Commonwealth attempted to revive the lien arising from the confession of judgment held by the Department of Public Welfare. Counsel for the debtors asserts that this action was taken in violation of the auto-

---

**5.** *See* Exhibit A attached to North East's Objection to Confirmation, last paragraph of page 2.

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

matic stay imposed by § 362 of the Bankruptcy Code. The debtors filed an application requesting that this creditor be held in contempt of court. Hearing was duly held on January 19, 1982.

Counsel for the Commonwealth has asserted that revival of a judgment does not violate the automatic stay. The Court will not address this issue as that is not the case at bar. In the instant case, the Commonwealth has attempted to revive a judgment which had been avoided. There was no judgment to revive when the Commonwealth took this action.

Counsel argues that a revival merely preserves the status quo. In this case, however, there was no judgment to preserve. The lien of the Commonwealth was avoided upon confirmation of the plan. *In re Graham*, 15 B.R. 1010 (Bkrtcy.E.D.Pa.1981); *In re McKay*, 15 B.R. 1013 (Bkrtcy.E.D.Pa. 1981). The Commonwealth had ample opportunity to object to the avoidance of the lien. Such steps were not taken. The Order confirming the plan is dispositive of the lien avoidance issue.

Counsel for the Commonwealth argues that their lien is not subject to avoidance under § 522(f). The case law in this district, has uniformly found Department of Public Welfare confession of judgment liens to be avoidable. *In re Griggs*, 12 B.R. 443 (Bkrtcy.E.D.Pa.1981); *In re Galbraith*, 15 B.R. 549 (Bkrtcy.E.D.Pa.1981); *In re Hoffa*, 17 B.R. 699 (Bkrtcy.E.D.Pa.1982). The Bankruptcy Courts in the Middle and Western Districts of Pennsylvania have reached the same conclusion. *In re Waite*, 11 B.R. 608 (Bkrtcy.M.D.Pa.1981); *In re Holt*, 11 B.R. 797 (Bkrtcy.W.D.Pa.1981). The lien in this case has been avoided.

In attempting to revive a judgment and reinstate a lien which has clearly been avoided, the Commonwealth has violated § 362(a)(5) of the Code which prohibits:

> ...any act to create, perfect, or enforce against property of the debtor any lien to the extent such lien secured a claim that arose before the commencement of the case under this title.

The attempt to revive a void judgment can only be considered an attempt to create a lien where none should have existed. The status quo is not being preserved, as counsel argues, because the Commonwealth is seeking to have their judgment reinstated.

Counsel for the Commonwealth also argues that the revival only preserves their rights in the event the case is dismissed. This argument, however, is without merit. Sections 108(c) and 349(b)(1)(B) of the Bankruptcy Code amply protect their position.

Counsel for the debtor urged this Court to impose sanctions upon the Commonwealth. Counsel for the Commonwealth, on the other hand, claimed this Court had no authority to levy such a penalty. Because of the novelty of this issue, the Court will request counsel for both parties to submit memoranda of law.

The lien of the Commonwealth, having been improperly revived, must be satisfied. The revival of this judgment was brought in violation of both the automatic stay and the lien avoidance provisions of the Code and must be stricken.

An appropriate Order will be entered.