SNEEDEN, Circuit Judge:
 

 The debtor, H. Wayne Ford, appeals from a decision of the United States District Court for the Western District of Virginia denying a discharge in bankruptcy because the debtor had fraudulently transferred a piece of real estate to himself and his wife as tenants by the entirety with the right of survivorship. The district court affirmed the decision of the United States Bankruptcy Judge denying the discharge because of the debtor’s fraudulent transfer of real estate. We affirm the decision of the district court.
 

 I.
 

 On July 12, 1982, the appellee, C. Barney Poston, became an unsecured creditor of Ford by obtaining a judgment against Ford for $20,288.06 in the Circuit Court for Smyth County. The following day, July 13, Ford executed and recorded a Deed of Correction transferring a tract of land adjacent to his home to himself and his wife as tenants by the entirety with the right of survivorship. This property had originally been conveyed by Ford’s parents to Ford alone on December 30, 1981. At trial, Ford contended that, in changing the deed, he was simply correcting a mistake that had been made in the prior deed from his parents. Ford’s action in transferring the property to himself and his wife had the effect of removing the property from the reach of his creditors. Under Virginia law, the creditors of one spouse may not attach real estate owned by tenants by the entire-ties — only creditors of joint debts of both spouses may reach such property.
 
 Vasi-
 
 
 *54
 

 lion v. Vasilion,
 
 192 Va. 935, 66 S.E.2d 599, 602 (1951). One year later, on July 11, 1983, Ford set aside the same tract of land in a Homestead Deed pursuant to section 34-4 of the Virginia Code, thereby indicating his intention to exempt this property from his creditors.
 
 *
 
 The next day Ford filed for bankruptcy under Chapter 7 of the Bankruptcy Code. His petition listed Po-ston as an unsecured creditor in the amount of $20,288.06.
 

 Poston filed an objection to Ford’s discharge, claiming that Ford had transferred realty within one year of bankruptcy with the intent to defraud creditors in violation of the Bankruptcy Code, 11 U.S.C. § 727(a)(2)(A), which provides as follows:
 

 (a) The court shall grant the debtor a discharge, unless—
 

 #
 
 s-s s»:
 
 %
 

 (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or-concealed—
 

 (A) property of the debtor, within one year before the date of the filing of the petition...
 

 Following a trial, the Bankruptcy Judge concluded that the transfer of July 13, 1982, was in contravention of Section 727 and accordingly entered an order denying Ford’s discharge. 34 B.R. 93. The district court, in a very thorough opinion, affirmed the order of the bankruptcy court.
 

 II.
 

 Ford raises two issues on appeal:
 

 (1) whether a claimed exemption can be the subject of a fraudulent transfer under Section 727; and
 

 (2) whether he transferred the property with the intent to defraud his creditors.
 

 We turn first to the issue of whether a claimed exemption may be the subject of a Section 727 transfer and conclude that it may under certain circumstances. Ford contends that exempt property can never come within the meaning of Section 727. He argues that he was not committing a fraudulent act but was simply doing what the law allows him to do — convert non-exempt property to exempt property prior to bankruptcy.
 

 Ford is correct to a certain extent. Mere conversion of property from non-exempt to exempt on the eve of bankruptcy— even though the purpose is to shield the asset from creditors — is not enough to show fraud.
 
 First Texas Savings Association v. Reed,
 
 700 F.2d 986, 991 (5th Cir.1983). In fact, it is clear from the legislative history of The 1978 Act that the debtor is to be allowed to make full use of his exemptions. The House and Senate Reports stated the following:
 

 As under current law, the debtor will be permitted to convert nonexempt property into exempt property before filing a bankruptcy petition. The practice is not fraudulent as to creditors, and permits the debtor to make full use of the exemptions to which he is entitled under the law.
 

 H.R.Rep. No. 595, 95th Cong., 1st Sess. 361 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6317; S.Rep. No. 989, 95th Cong., 2d Session 76,
 
 reprinted in
 
 
 *55
 
 1978 U.S.Code Cong. & Ad.News 5787, 5862 (emphasis added).
 

 Significantly, however, both the House and Senate Reports used the phrase “[a]s under current law.” Under existing law prior to passage of the 1978 Act, courts qualified this apparent blanket approval of conversion by denying the discharge if there was
 
 extrinsic
 
 evidence of actual intent to defraud creditors.
 
 First Texas Savings Association v. Reed,
 
 700 F.2d 986, 990 (5th Cir.1983). This qualification applies as well in cases arising under the 1978 Act.
 
 Id.; Schmidt v. White (In re White),
 
 28 B.R. 240 (Bankr.E.D.Va.1983). Thus, if the transfer of property occurs within one year of the bankruptcy filing and there' is evidence to indicate a fraudulent purpose aside from the mere conversion of non-exempt property, the claimed exemption is subject to the fraudulent transfer provision of Section 727.
 

 We thus turn to the issue of whether there was extrinsic evidence to demonstrate that Ford transferred the property with the intent to defraud his creditors. The bankruptcy court found such evidence in the fact that Ford had transferred the property to himself and his wife one day after Poston obtained a judgment against him in state court, conveniently choosing to correct, at that point in time, what was then a six-month old mistake. Having heard Ford’s testimony at trial and having considered the circumstances surrounding the transfer, the bankruptcy court determined that Ford acted not with the intent to correct the deed, but with the intent to defraud. The question of whether a debtor has the requisite intent is a question of fact, and the factual findings of the bankruptcy court and the district court are to be affirmed unless clearly erroneous.
 
 Reed v. First Texas Savings Association, Inc.,
 
 700 F.2d 986, 992 (5th Cir.1983). This finding of the bankruptcy court, affirmed by the district court, is not clearly erroneous.
 

 The decision of the district court is
 

 AFFIRMED.
 

 *
 

 Section 34-4 provides the following:
 

 § 34-4. Exemption created.
 
 — Every householder or head of a family residing in this State shall be entitled, in addition to the property or estate which he is entitled to hold exempt from levy, distress or garnishment under §§ 34-26, 34-27 and 34-29, to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding $5,000. The word "debt,” as used in this title, shall be construed to include a liability incurred as the result of an unintentional tort.
 

 Va.Code § 34-4 (1950) (1984 replacement volume). According to Ford, the property at issue is worth approximately $2,000.