**LOWE'S OF VIRGINIA, INC., Dominion Bank, N.A. James Thomas Hicks, Charles B. Moses, Bailey Lumber Company, Appellants,**

v.

**Tommy W. THOMAS and Marie A. Thomas, Appellees.**

**Civ. A. No. 85–0193–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

April 23, 1986.

Donald G. Hammer, Marion, Va., Kendall O. Clay, Radford, Va., for appellants.

Richard A. Money, Marion, Va., for appellees.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

■ This case comes to the court on appeal from the order of the United States Bankruptcy Court for the Western District of Virginia entered on April 9, 1985, dismissing plaintiffs' complaint in which plaintiffs sought to have dismissed, pursuant to 11 U.S.C. § 727 or alternatively 11 U.S.C. § 523, the debtors' petition for bankruptcy under Chapter 7. In passing on an appeal from bankruptcy court, the district court must make an independent determination on the legal issues, but must accept the findings of fact of the bankruptcy judge unless those findings are clearly erroneous. *Gilbert v. Scratch 'n Smell, Inc.*, 756 F.2d 320 (4th Cir.1985). A review of the record and the relevant law under this standard leads this court to conclude that the bankruptcy court's order dismissing plaintiffs' complaint must be reversed and that the debtors' discharge in bankruptcy must be denied.

### I.

Debtor, Tommy Thomas, operated a construction business from 1981 to 1984 during which time he engaged in business dealings with each of the named plaintiff creditors in this case. In August, 1984, Thomas filed for bankruptcy under Chapter 7. Subsequently, plaintiffs filed their complaint in which they consolidated their claims that discharge should be denied to Thomas under § 727, or that, alternatively, their individual claims were nondischargeable under 11 U.S.C. § 523. By order of the bankruptcy court, the plaintiffs' § 727 claim was severed from their § 523 claims and the plaintiffs were put on terms to file separate complaints seeking nondischarge of individual debts under § 523. The plaintiffs chose to rely on their original complaint and not to file separate § 523 based claims. The relief sought in their complaint was founded on allegations that Thomas had obtained funds "based on false assertions," which included advance payments in the amount of thirty thousand dollars from plaintiff Dominion Bank. At

the evidentiary hearing on the § 727 claim, the plaintiffs presented evidence of alleged fraudulent conduct by Thomas arising during business transactions between Thomas and themselves as they were conducting business as building material suppliers, purchasers of Thomas' services, and as a lending institution, respectively. Following this hearing, the bankruptcy court issued a memorandum opinion in which it held that the plaintiffs had not presented evidence sufficient to support an allegation of fraud as contemplated by § 727(a)(2)(A), and that Thomas had not failed to satisfactorily explain his loss of assets or deficiency thereof under § 727(a)(5), contrary to plaintiffs' contention. However, the bankruptcy court did not address whether Thomas had engaged in fraudulent conduct as proscribed by § 727(a)(4), which plaintiffs contended was also a basis for denying Thomas a discharge, in addition to § 727(a)(2) and (5).

The issues raised on appeal are as follows: (1) whether, as a jurisdictional matter, the appeal should be dismissed due to plaintiffs' initial failure to file with the bankruptcy court the correct number of copies of the notice of appeal and to include the filing fee; (2) whether the bankruptcy court erred in holding that Thomas is entitled to discharge based on the evidence presented at the § 727 hearing; and (3) whether the bankruptcy court erred in ordering that plaintiffs would have to file separate complaints in order to pursue their individual claims of nondischargeability under § 523 rather than allowing them to pursue both their § 523 and § 727 based claims in a combined adversary proceeding.

## II.

■ The court need not labor long on the jurisdictional issue here presented. The timely filing of a notice of appeal is a prerequisite to this court's jurisdiction to review a final judgment or order of the bankruptcy court. *See In Re LBL Sports Center, Inc.,* 684 F.2d 410 (6th Cir.1982).

Under Bankruptcy Rule 8002, the appellant is directed to file a notice of appeal with the clerk of the bankruptcy court within ten days of the date of entry of the judgment, order or decree from which the appeal is taken. Here the appellant/plaintiffs not only filed a notice of appeal with the bankruptcy court clerk within ten days following the bankruptcy court's order dismissing their complaint, they also certified to the clerk, by way of counsel, that copies of the notice of appeal had been mailed to all interested parties. The plaintiffs simply failed to provide the clerk with a sufficient number of copies of the notice of appeal, and this oversight was corrected shortly thereafter. Out of interest in judicial and administrative efficiency, parties should be encouraged to comply strictly with the filing requirements for taking an appeal, but an oversight such as this falls short of a failure to meet the jurisdictional prerequisite of timely filing a notice of appeal.

■ Likewise, a party taking an appeal should pay the prescribed filing fee upon filing a notice of appeal with the bankruptcy court clerk as Bankruptcy Rule 8001 instructs. Failure, however, to promptly pay the filing fee before the expiration of the ten-day period for filing a notice of appeal will not preclude the district court from exercising jurisdiction to consider the appeal since payment of the fee is not determinative in establishing compliance with the ten-day notice requirement. *In Re Winner Corp.,* 632 F.2d 658 (6th Cir.1980). Thus, plaintiffs' failure to pay the filing fee at the time they filed their notice of appeal will not bar this court from reviewing their appeal.

The court now turns to the issue involving Thomas' eligibility for discharge under 11 U.S.C. § 727. Having reviewed the evidence presented at the § 727 hearing, the court is of the opinion that the bankruptcy court was correct in ruling that plaintiffs failed to present evidence sufficient to support an allegation of fraud as contemplated by § 727(a)(2)(A).[1] This court is also of the

---

1. Section 727(a)(2)(A) provides that
   (a) The court shall grant the debtor a discharge, unless—
   * * * * * *

opinion that plaintiffs failed to prove that Thomas had engaged in fraudulent conduct as proscribed by § 727(a)(4)(A).[2]

One commentator has explained § 727 as follows:

Section 727 of the Code provides for discharge in cases under Chapter 7 and is the successor to § 14c of the [old Bankruptcy] Act. There are significant differences....

Under the Act a debtor engaged in business who made or published a materially false statement in writing respecting such debtor's financial condition might be denied a discharge under § 14c(3). This section is quite similar to § 17a(2) concerning dischargeability, except that the latter also applied to false financial statements made by consumers. The overlap caused some confusion and, while it might seem inappropriate to permit any dishonest bankrupt to receive a discharge, it is more inappropriate to turn a debtor into a 'financial cripple' due to one mistake; accordingly a false financial statement will not be a basis for objecting to discharge [under § 727]....

Section 727(a)(2) through (4) relate to wrongdoing by the debtor in or in connection with the bankruptcy case and are derived from § 14c of the Act. They include transfers and concealment of property with intent to hinder, delay or defraud creditors or the trustee, unjustified destruction or falsification of books and records or failure to keep them, and the commission of a bankruptcy crime such as the making of a false oath or bribery....

P. Murphy, *Creditors' Rights In Bankruptcy* § 17.03 (1980) (footnotes omitted). Murphy goes on to explain that it is Code § 523(a), the successor to § 17(a)(2) of the Act, that now applies to such wrongs as the obtaining of money or the extension of credit by false pretenses or a false representation. *Id.* at § 17.06.

Courts have made clear this distinction between § 523 and § 727 of the Bankruptcy Code. In *In Re Porter*, 7 B.R. 354 (Bkrtcy.E.D.Penn.1980), for example, the court granted the defendant/debtor's motion for judgment on the pleadings where the plaintiff/creditor had filed a complaint seeking a denial of debtor's petition for discharge under § 727 based on allegations that the debtor had engaged in fraudulent representations when obtaining a loan from a certain bank. The facts alleged, the court pointed out, were in reality the basis for an action to except a particular debt from discharge under § 523. *Id.* at 355, 356. Similarly, in *Matter of Ellison*, 34 B.R. 120, 126 (Bkrtcy.M.D.Ga.1983), the court held that while the debtor's execution of false affidavits to the FHA and other lending institutions might be grounds for declaring an individual debt nondischargeable under § 523(a), it was not grounds for denying the Chapter 7 debtor a discharge in bankruptcy under § 727. *See also In Re Jones*, 50 B.R. 911, 921 (Bkrtcy.N.D.Tex. 1985) (Individual debt held nondischargeable under § 727(a)(2)(A) where Chapter 7 debtor did not use funds for the purpose for which they were entrusted to him).

■ Section 727(a)(4)(A) is the provision under Chapter 7 that sets forth the kind of

---

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

(A) property of the debtor, within one year before the date of filing of the petition....
While this court agrees with the bankruptcy court that the plaintiffs failed to make out a claim under § 727(a)(2)(A), the court does not base this conclusion on the bankruptcy court's

factual inquiry into whether Thomas engaged in actual fraud. As explained in the subsequent discussion, the basis for this holding is simply that the alleged fraud that the plaintiffs sought to prove is not the kind of fraud proscribed under § 727.

**2.** Section 727(a)(4)(A) provides that

(a) The court shall grant the debtor a discharge, unless—

\*   \*   \*   \*   \*   \*

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account....

false statement that will constitute a ground for denial of discharge. As alluded to earlier, the statement must be a false oath or account knowingly or fraudulently made in or in connection with the bankruptcy case. A typical case in which discharge is denied under this provision is where the bankrupt has knowingly and fraudulently omitted information from his bankruptcy schedules. *See, e.g., In Re Chalik,* 748 F.2d 616 (11th Cir.1984); *In Re Seablom,* 45 B.R. 445 (Bkrtcy.N.D.1984).

*Ford v. Poston,* 773 F.2d 52 (4th Cir. 1985) is demonstrative of the kind of case governed by § 727(a)(2)(A). In *Ford,* the Fourth Circuit affirmed this court's decision upholding the denial of the debtor's Chapter 7 petition for discharge in bankruptcy. The debtor was held in violation of § 727(a)(2)(A) based on a finding that he had transferred, with the intent to defraud his creditors, real estate to himself and his wife as tenants by the entirety with the right of survivorship. *Id.* at 53. *See also In Re Kaiser,* 722 F.2d 1574 (2nd Cir.1983) (Discharge denied based on violation of § 727(a)(2)(A) where debtor transferred title to property to his wife who paid no financial consideration); *Lovell v. Mixon,* 719 F.2d 1373 (8th Cir.1983) (Discharge denied based on violation of § 727(a)(2)(A) & (B) where debtor transferred both money and goods to his girlfriend and various family members.).

■ Thus, the evidence presented by plaintiffs of Thomas' alleged fraudulent conduct, involving only instances in which Thomas was either obtaining money or securing an extension of credit, goes neither to § 727(a)(2)(A) nor to § 727(a)(4) as conduct constituting grounds for denial of discharge. At no time during the § 727 hearing did plaintiffs even attempt to prove that Thomas had fraudulently transferred assets to their detriment or that he made fraudulent representations, for example, in his bankruptcy schedules. In short, plaintiffs made no showing that Thomas engaged in any fraud in or in connection with the bankruptcy case. The evidence of Thomas' alleged fraudulent conduct would

go, instead, to making out a claim under § 523 for the nondischargeability of an individual debt.

■ The court agrees with the plaintiffs, however, that Thomas did fail to satisfactorily explain his loss of assets in violation of § 727(a)(5). As summarized by the Eleventh Circuit in *In Re Chalik,* 748 F.2d 616, 619 (1984), the standard and authority for deciding a § 727(a)(5) claim is as follows:

At trial, the party objecting to a discharge has the burden of proving the objection. Bankruptcy Rule 4005 (1983). But one that party meets the initial burden by producing evidence establishing the basis for his objection, the burden shifts to the debtor to explain satisfactorily the loss. 4 *Collier on Bankruptcy* § 727.08 (15th ed. 1984). 'The creditor's burden of persuasion does not obviate the necessity that the debtor provide a satisfactory explanation of the loss of his assets.' *In re Reed,* 700 F.2d 986, 992–93 (5th Cir.1983). To be satisfactory, 'an explanation' must convince the judge. *In re Shapiro & Ornish,* 37 F.2d 403, 406 (N.D.Tex.1929), *aff'd,* 37 F.2d 407 (5th Cir.1930). Vague and indefinite explanations of losses that are based upon estimates uncorroborated by documentation are unsatisfactory. *In re Reed,* 700 F.2d at 993 (debtor's explanation that $19,586 was consumed by business and household expenses and gambling debts was unsatisfactory); *Baum v. Earl Millikin, Inc.,* 359 F.2d 811, 814 (7th Cir. 1966) (satisfactory explanation must consist of more than a vague, indefinite and uncorroborated hodgepodge of financial transactions). *See 4 Collier on Bankruptcy,* § 727.08 (15th ed. 1984).

(Footnote omitted). Once plaintiffs in the present case established that Thomas had received the thirty thousand dollars from plaintiff Dominion Bank, the burden was on Thomas to provide a satisfactory explanation of how the funds were disbursed. *See Johnson v. Bockman,* 282 F.2d 544, 547 (10th Cir.1960) (Burden shifted to bankrupt to show what became of the proceeds he received from the sale of certain auto-

mobiles).[3] The statements Thomas made at the evidentiary hearing as to what happened to the funds were wholly uncorroborated by documentation, though he stated that he had brought his records with him. Moreover, his explanation of how the funds were disbursed was indefinite and inconsistent. First, he testified that all of the money coming into his business was paid out by check. He then later testified that he paid his labor, at least in part, in cash, which he specifically identified as coming from the proceeds received from Dominion Bank. When asked if he used any of those proceeds to pay on his account with plaintiff Bailey Lumber Company, he stated that he "probably paid some." At no time during his testimony was he any more specific as to how the funds were used than that they were to pay for materials and labor. In light of such an evidentiary showing—or more accurately, the lack thereof—this court is constrained to conclude that the bankruptcy court was clearly erroneous in finding that Thomas satisfactorily explained his loss of assets, specifically the thirty thousand dollars he received from plaintiff Dominion Bank, at the § 727 hearing.

As to the final issue on appeal, the court is of the opinion that the bankruptcy court did not err in severing the plaintiffs' § 727 claim from their § 523 based claims and putting the plaintiffs on terms to file separate complaints if they wished to seek nondischarge of individual debts under § 523. The plaintiffs argue that the proceedings should have been consolidated because the factual basis was the same for making out a claim under each provision; but as evidenced by the discussion above, the kind of wrongful conduct in which Thomas was allegedly engaged was not grounds for denying a discharge under § 727, rather, it would go to establishing the basis for relief under § 523. Thus, it was particularly appropriate for the bankruptcy court to require that the claims under the two provisions be pursued through separate proceedings.

**3.** Section 727(a)(5) is substantially the same as § 14(c)(7) of the old Bankruptcy Act, therefore,

In summary, the bankruptcy court's order dismissing plaintiffs' complaint is hereby reversed as to their claim for relief under § 727(a)(5), and, pursuant to that provision, the debtors' discharge in bankruptcy is hereby denied.

cases decided under the old act are relevant authority. *In Re Chalik,* 748 F.2d at 619.