**In re Paul M. HORATH and Donna Faye Horath, Debtors.**

**Bankruptcy No. 89–9781–9P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 13, 1990.

Oliver P. Tanksley, III, Sarasota, Fla., for debtors.

Diane L. Jensen, Fort Myers, Fla., Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is an Objection to Claim of Exemption filed by the Trustee. It is the Trustee's contention that certain individual retirement accounts (IRA's) established by Paul M. Horath and Donna Faye Horath (Debtors) were established by the Debtors with the specific intent to defraud creditors thus notwithstanding the fact that IRA accounts are specifically immunized from claim of creditors by Fla.Stat. 222.21, their claim to exempt the IRA accounts should be rejected.

The Court has considered the Objection, together with the record, and heard argument of counsel and now finds as follows:

On September 21, 1989, the Debtors withdrew $5,000.00 from their savings account and established two IRA accounts for their own benefit. At the time, both Debtors were unemployed and their future financial prospects looked rather gloomy. Due to their dire financial condition, they had abandoned a contract for deed under which they had hoped to purchase certain real property. It further appears that they were already pursued by creditors and that there may have been threats of civil litigation against the Debtors by creditors. The Debtors ultimately decided that they could no longer cope with their financial problems and filed their Voluntary Petition under Chapter 7 three months later, on December 29, 1989.

Basically, these are the relevant facts established by the record which, according to the Trustee, the objection should be sustained. It should be pointed out at the outset what is and what is not involved in the matter under consideration. It is neither a challenge of the Debtors right to discharge based on Section 727(a)(2) of the Bankruptcy Code, nor is an adversary proceeding to set aside a fraudulent transfer pursuant to Section 548 of the Bankruptcy Code. What is in contention is these Debtors' right to claim as exempt the funds held by them in the two IRA accounts mentioned earlier.

██ It is generally recognized that in order to maximize the exemptions available to a Debtor, the Debtor may convert non-exempt property which could be used to satisfy creditor claims to exempt property even shortly prior to filing a Petition for Relief. There is no question that both the House and the Senate Reports validate this approach by stating the following:

> As under current law, the Debtor will be permitted to convert non-exempt property into exempt property before filing a Bankruptcy petition. Such practice is not fraudulent as to the creditor and permits the Debtor to make full use of the exemptions to which he is entitled under the law. H.R.Rep. 95–595, 95th Cong., 1st Sess. 361 (1977); S.Rep. 95–989, 95th Cong., 2nd Sess. 76 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5862, 6317.

These broad statements by both the House and the Senate should not be interpreted, however, to create a carte blanche permit to convert non-exempt properties into exempt properties on the eve of Bankruptcy without impunity. For instance, it is also recognized that a conversion of non-exempt property into exempt property with specific intent to defraud creditors may provide the basis for denying a discharge of the Debtor under § 727(a)(2) of the Bankruptcy Code. *Ford v. Poston*, 773 F.2d 52 (4th Cir.1985); *First Texas Savings Association, Inc. v. Reed (In the Matter of Reed)*, 700 F.2d 986 (5th Cir.1983). *Norwest Bank Nebraska, N.A. v. Tveten*, 848 F.2d 871 (8th Cir.1988); c.f., *In re Johnson*, 80 B.R. 953 (Bankr.D.Minn.1987).

The right of the Debtors to exempt properties from administration by the Trustee

in a Chapter 7 liquidation case is determined by Section 522 of the Bankruptcy Code. Thus, pursuant to § 522(b)(2)(A) a Debtor may exempt properties pursuant to certain specific non-bankruptcy Federal Statutes (e.g., 42 U.S.C. § 407 Social Security Benefits, and several others) or pursuant to specific Federal bankruptcy exemptions set forth in Section 522(d) of the Bankruptcy Code unless the particular State prohibits its citizens from using these exemptions allowed by § 522(d).

■ Florida, together with the majority of the States, "opted out" Fla.Stat. 222.20. As the result the right of the Debtors to claim exemptions in this State is governed by the Constitution, Article X Section 4, and by the Statute granting exemptions. The particular property in the matter under consideration is specifically exempted from claim of creditors by Fla.Stat. 222.21.

This Court is unaware of any provision in the Bankruptcy Code which condemns the conversion of non-exempt property into exempt property and which would operate as a forfeiture of right to claim an exemption otherwise available to Debtors. On the contrary, as noted earlier, the right of a Debtor to convert non-exempt properties into exempt properties is specifically recognized. (See H.Rep. 95–595, S.Rep. 95–989 Supra). In light of the foregoing, the Trustee's objection to claim of exemption should be overruled. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Claims of Exemption be, and the same is hereby, overruled and the funds in the two IRA accounts are not subject to administration by the Trustee and the Debtor's claimed exemptions be, and the same are hereby, allowed as filed.

DONE AND ORDERED.